[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY CHILD SUPPORTCT Page 5958 AND CUSTODY, POST JUDGMENT DATED APRIL 13, 2000 (#151)
The plaintiff seeks an order from the court to modify the previous order entered on March 29, 1990 on the basis of a significant change of circumstances. The plaintiff seeks a modification of child support and further requests that the plaintiff be designated the primary residential parent on the basis that the children of the parties are living full-time with the plaintiff.
Hearings were held by the court on June 27, 2000, November 13, 2000 and January 5, 2001, at which time the parties offered testimony and introduced documentary evidence.
On March 29, 1990 the marriage of the parties was dissolved and pursuant to a written separation agreement the parties agreed to joint legal custody with the children living with the plaintiff for six months and the children living with the defendant for six months. Further, the children were to remain in Rocky Hill for school continuity purposes and visitation orders were entered as to the non-residential parent. Further, the defendant was ordered to pay child support in the amount of $130.00 per week and 55% of daycare expenses as well as sharing clothing and school expenses for the children.
As of May 1, 1992 the child support obligation of the defendant was reduced to $70.00 and he was further ordered to pay an additional $64.00 per week.
As the children became older the schedule for visitation began to change between 1994 and 1996. Both parents have continued to live in Rocky Hill, Connecticut and the children have continued to attend schools in Rocky Hill. Further, the children have keys to both of their parents homes.
After reviewing the testimony of the parties and the exhibits the court makes the following findings of fact.
The plaintiff's current gross income is $442.00 a week and the defendant's gross income is $1,346.15 a week. The primary residence of the daughter is with the plaintiff and the father has visitation with the daughter every other weekend and Tuesday for a couple of hours. with respect to their son, the mother has Tuesday overnights and every other weekend.
The plaintiff has since remarried and the defendant's counsel argues CT Page 5959 that as a result of such remarriage the plaintiff has had the benefit of reducing her expenses because of her present husband's contributions. The court disagrees and will not allow a deviation on that basis. Further, each of the parties shall be entitled to one tax exemption with the oldest child being claimed by the mother and the youngest child being claimed by the father. In accordance with the child support guidelines, the defendant is ordered to pay child support in the amount of $255.00 per week.
John R. Caruso